Frank S. Hedin (SBN 291289)
Hedin LLP
535 Mission Street, 14th Floor
San Francisco, CA 94105
Telephone:  (305) 357-2107
Facsimile:  (305) 200-8801
E-Mail:  fhedin@hedinllp.com

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER CARRUTH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KD CREATIVES, INC. D/B/A BIG LITTLE FEELINGS,<br><br>　　　　　　　Defendant. | Case No.　　2:24−CV−02484−DAD−SCR<br><br>**JOINT RULE 26 REPORT**<br><br>**District Judge: Hon. Dale A. Drozd**<br>**Magistrate Judge: Sean C. Riordan**<br><br>Complaint filed: Sept. 12, 2024 |

Pursuant to the Court's September 12, 2024 Order, (ECF No. 3), Federal Rules of Civil Procedure 16 and 26, and the Standing Order in Civil Cases, Plaintiff Jennifer Carruth and Defendant KD Creatives, Inc. d/b/a Big Little Feelings jointly submit this case management statement and discovery plan.

### a. Brief Summary of the Claims and Legal Theories Under Which Recovery is Sought or Liability Is Denied

<u>Plaintiff's Statement</u>: Plaintiff Jennifer Carruth, individually and on behalf of others similarly situated, alleges in the operative Complaint (ECF No. 1) that Defendant KD Creatives, Inc. d/b/a Big Little Feelings engaged in the practice of knowingly transmitting records containing the personal information of each of their customers, along with the detailed information revealing a customer's Facebook ID ("FID") coupled with their purchase and the title of each of the specific videos that the consumer requested or obtained on Defendant's website through Defendant's knowing installation and use of the Meta Pixel technology created by Meta Platforms, Inc. ("Meta") (collectively "Personal Viewing Information") in violation of the Video Privacy Protection Act, 18 U.S.C. §2710 et seq. ("VPPA"). Plaintiff seeks to represent a nationwide class defined as all persons in the United States who, during the two years preceding the filing of this action, purchased video content from Defendant's website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc. Because neither the Plaintiff nor any of Defendant's other customers provided informed consent prior to Defendant's disclosures of their information to Meta, this case is ideal for class certification. Plaintiff further seeks to recover $2,500 statutory damages, prejudgment interest on all amounts awarded, punitive damages, and reasonable attorneys' fees, and costs.

<u>Defendant's Statement</u>: Plaintiff has brought her claim in an improper forum as she agreed to arbitrate all disputes. Defendant denies that it violated the VPPA with respect to Plaintiff and the putative class.

**b.  Status of Service**

All parties have been served.

**c.  Possibility of Joinder of Additional Parties**

No parties will be added at this time. Plaintiff reserves the right to seek leave should additional parties become known in discovery.

**d.  Contemplated Amendments to the Pleadings**

At this time, Plaintiff does not anticipate making any further amendments to the pleadings but reserves the right to amend or seek leave to do so pursuant to Rule 15, as necessary as the litigation progresses.

**e.  Jurisdiction and Venue**

<u>Plaintiff's Statement</u>: Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and the Class Action Fairness Act.  Venue is proper because Defendant maintains an office within this judicial district.

<u>Defendant's Statement</u>:  Plaintiff has filed suit in the wrong forum as set forth in Defendant's Motion to Compel Arbitration.

**f.  Anticipated Discovery and the Scheduling of Discovery**

    **i.  Changes, if any, to the Timing, Form, or Requirement for disclosures under Rule 26(a)**

<u>Plaintiff's Statement</u>: The Parties have agreed to exchange their initial disclosures by January 10, 2025.

<u>Defendant's Statement</u>:  The Parties have agreed to exchange initial disclosures by January 10, 2025.  Defendant does so without waiving and/or prejudicing its right to compel arbitration.

    **ii.  Subjects on Which Discovery May be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases**

<u>Plaintiff's Statement</u>: Plaintiff believes discovery will be needed to confirm the following

matters: (a) Whether Defendant used the Meta Pixel on its website at the time Plaintiff allegedly requested or obtained prerecorded videos or services from Defendant's website; (b) Whether Defendant knowingly disclosed Plaintiff's and putative Class members' personally identifiable information to Meta via the Meta Pixel on its website; (c) Whether Defendant's conduct violates the VPPA, 18 U.S.C. § 2710; (d) Whether Defendant is a Video Tape Service Provider within the meaning of the VPPA; (e) Whether online instructional parenting videos are "prerecorded video cassette tapes or similar audio visual materials" within the meaning of the VPPA; (f) Whether Defendant should be enjoined from disclosing Plaintiff's and putative Class members' personally identifiable information to Meta; and (g) Whether Plaintiff and putative Class members are entitled to statutory damages for the aforementioned alleged violations.

Plaintiff maintains that discovery should commence now and should not be stayed during the pendency of Defendant's forthcoming motion to dismiss. Plaintiff believes a 10-month discovery period will reasonably be necessary to complete class certification and merits-related discovery. A ten-month discovery period is warranted due to the nature of the third-party discovery required in this case, particularly from Meta. In other cases alleging Meta's receipt of PII in violation of the VPPA, Meta has resisted complying with subpoenas, and motions to enforce subpoenas may be necessary..

Discovery should not be bifurcated. Discovery pertaining to the named Plaintiff will largely overlap with discovery concerning issues of class certification. Indeed, the same sort of information pertaining to Plaintiff and all Class members was transmitted to third parties, by way of the Meta pixel technology on Defendant's website. Thus, both Plaintiff's and Class members' claims will largely turn on common proof. Additionally, given the difficulty associated with obtaining relevant materials from Meta and the potential need to depose Meta, Plaintiff believes it will be efficient, cost-effective, minimally burdensome, and the interests of both parties and non-parties will be best served

by proceeding with discovery in a bifurcated manner in this case, which will avoid the need to serve multiple subpoenas (and potentially take multiple depositions) of Meta and any other relevant third parties.

Defendant's Statement: As Plaintiff has brought her claim in an improper forum, discovery should be stayed pending the outcome of Defendant's Motion to Compel Arbitration. Defendant contends that discovery should be bifurcated whereby initial discovery is limited to class claims, and merit discovery follows. Bifurcated discovery will allow the Court to tackle a potentially dispositive issue without forcing the parties (and the Court) to engage in burdensome and costly discovery. That a third party has objected to subpoenas in other actions should not dictate Defendant having to incur fees and costs related to burdensome merits discovery before certification.

### iii. Changes, if any, Should be Made in the Limitations on Discovery Imposed

Plaintiff's Statement: Any discovery should adhere to the default discovery limitations under the Federal Rules.

Defendant's Statement: Defendant agrees.

### iv. Timing of the Disclosure of Expert Witnesses and Information

Plaintiff's Statement: Expert Disclosures[1]:
    a. Plaintiff:                                        Nov. 17, 2025
    b. Defendant:                                    Dec. 17, 2025

Defendant's Statement:

### v. Proposed Discovery Deadline

Plaintiff's Statement: Assuming a scheduling order is entered in February 2025, Plaintiff proposes January 23, 2026, as the discovery deadline.

---

[1] The parties will meet and confer on the need for rebuttal experts, and if needed, confer on a deadline for disclosure.

Defendant's Statement:   Defendant proposes two discovery deadlines, as discovery should be bifurcated.  Defendant proposes August 1, 2025 for class discovery and April 1, 2026 for merits discovery.

**g. Contemplated Dispositive or Other Motions and Timeline**

Plaintiff's Statement: Plaintiff contemplates filing a motion for class certification and a motion for summary judgment. Such motions should be filed within 60 days of the close of discovery and according to the following schedule.

| | | |
|---|---|---|
| i. | Dispositive motions: | Mar. 24, 2026 |
| ii. | Motion for class certification: | Mar. 24, 2026 |

Defendant's Statement:  Defendant contemplates filing a motion for summary judgment if the class is certified.  With bifurcated discovery, Defendant proposes September 1, 2025 for motion for class certification and May 1, 2026 for motion for summary judgment.

**h. Methods for Avoiding Cumulative Evidence**

Plaintiff's Statement: The Parties agree to adhere to the Federal Rules and the methods explained therein for avoiding cumulative evidence and will endeavor to reach stipulations that streamline the presentation of evidence. The parties have met and conferred and understand their obligations regarding the preservation of evidence that is reasonably within their possession, custody, or control.

Defendant's Statement:  Defendant agrees.

**i. Proposed Date for Final Pretrial Conference**

Plaintiff's Statement: June 17, 2026

Defendant's Statement:  July 22, 2026

**j. Proposed Standards for Trial**

<u>Plaintiff's Statement</u>: Plaintiff has requested a trial by jury and proposes that trial occur four months after dispositive motions and any class certification motion are filed, which is on or around August 17, 2026. Trial should last 5 days.

<u>Defendant's Statement</u>: With Plaintiff requesting a jury trial, Defendant anticipates a 10 day trial. Defendants propose a September 14, 2026 trial.

**k. Necessity for Special Master**

<u>Plaintiff's Statement</u>: A special master is unnecessary at this time.

<u>Defendant's Statement</u>: Defendant agrees.

**l. Modification to Standard Pretrial Procedures**

<u>Plaintiff's Statement</u>: Plaintiff does not seek any modification of the standard pretrial procedures at this time.

<u>Defendant's Statement</u>: Defendant agrees.

**m. Related Cases**

There are no related cases.

**n. Timing for Settlement Discussions**

<u>Plaintiff's Statement</u>: Plaintiff is amenable to an early settlement conference after the exchange of certain discovery relevant to the claims of named Plaintiff and class certification.

<u>Defendant's Statement</u>: Defendant is as well.

**o. Other Matters**

At this time, the parties do not have any other matters to be addressed.

| | |
|---|---|
| Dated: December 30, 2024 | Respectfully submitted, |
| | /s/ Frank S. Hedin |
| | **HEDIN LLP**<br>FRANK S. HEDIN<br>535 Mission Street, 14th Floor<br>San Francisco, CA 94105<br>TELEPHONE:   (305) 357-2107<br>FACSIMILE:    (305) 200-8801<br>FHEDIN@HEDINLLP.COM |
| | *Counsel for Plaintiff and Putative Class* |
| Dated: December 30, 2024 | **POLSINELLI LLP** |
| | /s/      Noel S. Cohen<br>Noel Cohen<br>Starr Drum<br>Shundra Manning (pro hac vice forthcoming)<br>*Attorney for Defendant KD Creatives, Inc. d/b/a/ Big Little Feelings* |