POLSINELLI LLP
Noel Cohen (SBN 219645)
ncohen@polsinelli.com
Starr Drum (SBN 336691)
sdrum@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-1801
Facsimile:   (310) 556-1802

POLSINELLI PC
Shundra Manning (*pro hac vice* forthcoming)
scmanning@polsinelli.com
501 Commerce Street, Suite 1300
Nashville, TN 37203
Telephone:  (615) 259-1535
Facsimile:   (615) 658-9647

*Attorneys for Defendant KD Creatives, Inc. d/b/a Big Little Feelings*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CARRUTH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KD CREATIVES, INC. D/B/A BIG LITTLE FEELINGS, <br><br> Defendant. | Case No. 2:24-cv-02484-DAD-SCR <br><br> **DEFENDANT KD CREATIVE, INC. D/B/A BIG LITTLE FEELINGS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION** <br><br> [FILED CONCURRENTLY WITH (1) DECLARATION OF STARR DRUMM AND (2) EVIDENTIARY OBJECTIONS] <br><br> Date: February 3, 2025 <br> Time: 1:30 p.m. <br> Before: Hon. Dale A. Drozd |

Defendant KD Creatives, Inc. d/b/a Big Little Feelings ("BLF") submits this reply in support of its Motion to Compel Arbitration (ECF No. 10 ("Motion")) against Plaintiff Jennifer Carruth ("Plaintiff").

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 5

II. LEGAL ARGUMENT .................................................................................................... 6

    A.     The Evidence Submitted By Plaintiff's Counsel is Insufficient to Establish that Plaintiff Was Not Provided With Notice of the TOS. ...................... 6

    B.     Plaintiff Was On Sufficient Notice of the TOS as BLF's Notice was Clear and Conspicuous. ..................................................................................... 10

III. CONCLUSION ............................................................................................................ 14

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arena v. Intuit Inc.*,
    444 F. Supp. 3d 1086 (N.D. Cal. Mar. 12, 2020)..................................................................14

*Berman v. Freedom Fin. Network, LLC*,
    30 F.4th 849 (9th Cir. 2022)....................................................................................7, 11, 12

*Berman v. Freedom Fin. Network, LLC*,
    No. 18-CV-01060-YGR, 2020 WL 5210912 (N.D. Cal. Sept. 1, 2020)...................................11

*Colgate v. JUUL Labs, Inc.*,
    402 F. Supp. 3d 728 (N.D. Cal. 2019) ...................................................................................12

*Cullen v. Shutterfly Lifetouch, LLC*,
    No. 20-CV-06040-BLF, 2021 WL 2000247 (N.D. Cal. May 19, 2021)...................................11

*Daschbach v. Rocket Mortg., LLC*,
    No. 22-CV-346-JL, 2023 WL 2599955 (D.N.H. Mar. 22, 2023) ............................................10

*Dohrmann v. Intuit, Inc.*,
    823 F. App'x 482 (9th Cir. 2020)......................................................................................13, 14

*Fisher v. Sutton Place/Pinnacle A.M.S.*,
    No. 1:07-CV-1537-DFH- WTL, 2008 WL 2095417 (S.D. Ind. May 16, 2008).......................12

*Gaker v. Citizens Disability, LLC*,
    No. 20-CV-11031-AK, 2023 WL 1777460 (D. Mass. Feb. 6, 2023) ........................................10

*Ghazizadeh v. Coursera*, Inc.,
    No. 23-CV-05646-EJD, 2024 WL 3455255, at *7 (N.D. Cal. June 20, 2024).) ...........7, 8, 9, 10

*Hines v. Overstock.com, Inc.*,
    668 F. Supp. 2d 362 (E.D.N.Y. 2009), *aff'd*, 380 F. App'x 22 (2d Cir. 2010)..........................10

*IT Strategies Grp., Inc. v. Allday Consulting Grp., L.L.C.*,
    975 F. Supp. 2d 1267 (S.D. Fla. 2013)....................................................................................10

*Lee v. Ticketmaster L.L.C.*,
    817 F. App'x 393 (9th Cir. 2020)............................................................................................13

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016) ....................................................................................................11

*Pizarro v. QuinStreet, Inc.*,
    No. 22-CV-02803-MMC, 2022 WL 3357838 (N.D. Cal. Aug. 15, 2022)..........................12, 13

*Ramirez v. Trusper, Inc.*,
   No. 5:24-CV-02012- EJD, 2024 WL 4479862 (N.D. Cal. Oct. 11, 2024) ..........................11, 12

*Sellers v. JustAnswer LLC*,
   73 Cal. App. 5th 444 (2021)................................................................................................11, 13

*Sgouros v. Trans Union Corp*,
   817 F.3d 1029 (7th Cir. 2016)....................................................................................................10

*Specht v. Netscape Commc'ns Corp.*,
   306 F.3d 17 (2d Cir. 2002).........................................................................................................10

*Sullivan v. All Web Leads, Inc.*,
   No. 17 C 1307, 2017 WL 2378079 (N.D. Ill. June 1, 2017) ......................................................10

*Treinish v. iFit Inc.*,
   No. CV 22-4687-DMG (SKX), 2023 WL 2230431 (C.D. Cal. Feb. 2, 2023)............................11

*Wilson v. Redbox Automated Retail, LLC*,
   448 F. Supp. 3d 873 (N.D. Ill. 2020) .........................................................................................12

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

## I. INTRODUCTION

Plaintiff's sole argument in opposition to BLF's Motion is that she was not provided proper notice of BLF's Terms of Service ("TOS"), and thus did not manifest her assent to the TOS by pressing the "Checkout" button on BLF's website. Plaintiff does not address, and therefore concedes, that if the TOS constitutes an agreement between Plaintiff and BLF, (1) her Video Privacy Protection Act claim is covered by the terms of the arbitration agreement, (2) the Federal Arbitration Act applies to the arbitration provision and favors enforcement of that provision, (3) Plaintiff waived the right to pursue a class action lawsuit, (4) Plaintiff's jury demand should be stricken and (5) Plaintiff's claims should be stayed or dismissed pending the completion of arbitration.

Plaintiff's sole argument is grounded in three overarching allegations. First, Plaintiff alleges she received emails from BLF that differ from the emails submitted by BLF in the Declaration of Lisa Carll (ECF No. 10-1). Plaintiff submitted copies of the emails allegedly received and at this stage, BLF has no reason to believe the emails submitted by Plaintiff are not authentic. As such, BLF will not further address this point in its reply.

Second, Plaintiff's *attorney*, but, tellingly, not Plaintiff, herself, alleges Plaintiff did not receive clear and conspicuous notice of the TOS because her attorney allegedly had to scroll down below the "Checkout" button to reveal the statement referencing BLF's TOS. (*See* ECF No. 16 at 2, 7-14.) It is curious that Plaintiff, the putative class representative, would submit a declaration and not include the most critical facts as to this motion: her experience with BLF. Plaintiff's silence speaks volumes.[1]

As such, without Plaintiff attesting to her experience at the time of her purchase, Plaintiff is left to rely strictly on the declaration of her attorney, Frank S. Hedin, attesting to what he sees

---

[1] Plaintiff seeks to represent a class of "persons in the United States who, during the two years preceding the filing of this action, purchased video content from Defendant's website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc." (ECF 1 at ¶ 59) (emphasis added). Plaintiff's attorney does not represent that he: 1) purchased video content from Defendant, 2) has an account with Meta Platforms, nor 3) did either of the forgoing in the two years preceding plaintiff's filing of her Complaint.

outside the class period on "a mobile device." (*See* ECF No. 16-2.) Mr. Hedin is not the putative class representative. To Defendant's knowledge, he is not a class member. But even if his experience were relevant, Mr. Hedin's declaration is devoid of any statements identifying the owner of the mobile device, the type of mobile device used, or the date of access. (*See id.*)

Further, the blanket assertion that the checkout screen on a mobile device does not display content below the "Checkout" button without scrolling simply isn't true. Indeed, users can see notice of the TOS on mobile devices without scrolling. (*See* Declaration of Starr Drum ("Drum Decl") filed concurrently herewith.) Plaintiff has not produced any evidence demonstrating that at the time of her purchase, she could not see the notice of the TOS without scrolling to the bottom of the website. But even if Plaintiff did have to scroll to see a reference to the TOS (she did not), by purchasing courses from BLF, Plaintiff entered a continuous relationship with the company and should have been aware that such relationship was governed by some terms and conditions.

Third, Plaintiff contends that even if she did not have to scroll to see the link to BLF's TOS, the reference to the TOS was still not clear and conspicuous. Not true. On BLF's checkout screen the phrase "Terms of Service" is both linked and underlined. (*See* ECF 16-5.) The checkout screen also lacks clutter. (*See id.*) Under California law, the appearance of BLF's website and the reference to the TOS are conspicuous and clear enough to put a reasonable person on notice of the TOS. That is why Plaintiff is forced to rely on so much non-binding and distinguishable cases in support of this position.

Accordingly, as detailed in the Motion, and further detailed below, BLF respectfully asks that this action be compelled to arbitration.

## II.    LEGAL ARGUMENT

### A.    The Evidence Submitted By Plaintiff's Counsel is Insufficient to Establish that Plaintiff Was Not Provided With Notice of the TOS.

BLF has established that Plaintiff was provided with notice of the TOS when she placed her order on her mobile device.[2] Under California law, an enforceable contract will be found based

---

[2] Plaintiff falsely states that BLF claims that Plaintiff used a desktop computer to place her order on BLF's website. (ECF No. 16 at 8 ("Contrary to what Defendant says in the Motion, Plaintiff did not

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

6
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-02484-DAD-SCR

on inquiry notice if: "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." (*Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).) "Courts look to both 'the context of the transaction' and the 'placement of the notice' when conducting review under *Berman*." (*Ghazizadeh v. Coursera*, Inc., No. 23-CV-05646-EJD, 2024 WL 3455255, at *7 (N.D. Cal. June 20, 2024).)

Plaintiff claims the placement of the notice did not put her on reasonable notice because "when the checkout screen loads on a mobile device, it does not display any content that exists below the button . . . Rather for the text below the button to become visible to Plaintiff (or to any other visitor on a mobile device), Plaintiff (or any other visitor on a mobile device) would have been required to scroll below the button prior to pressing the button . . .". (ECF No. 16 at 8.) In support of this proposition, Plaintiff submits a declaration from her attorney providing that when he accessed BLF's website on "a mobile device" he was required to scroll down past the Checkout button to see the notice of the TOS. (ECF No. 16-2 ¶¶ 2-4.)

Tellingly, Plaintiff does not represent that *she* could not see the content below BLF's Checkout button <u>when she made her purchase</u>. Plaintiff submitted a declaration in support of her opposition papers, but nowhere in the declaration does she declare that at the time of purchase she had to scroll on her mobile device for the text below the "Checkout" button to become visible. (*See* ECF No. 16-1.) Plaintiff instead relies on irrelevant allegations from her attorney about his seemingly present-day experience with BLF's website using "a mobile device" that does not belong to Plaintiff.[3] (*See* ECF No. 16-2.) Plaintiff even goes so far as to state in her motion that "any"

---

use a desktop computer to place her order on Defendant's website on January 10, 2023 – she used a mobile device.").) This an inaccurate representation of BLF's statements. As stated in the Declaration of Lisa Carll, "BLFs' records reflect that on January 10, 2023, while logged into her Facebook account **on a mobile device**, Plaintiff Jennifer Carruth [] clicked on an advertisement for BLF's courses." (ECF No. 10-1 ¶ 4 (emphasis added).) And the checkout screenshot depicted in Carll's declaration was from a mobile device. (*Id*. at ¶ 6).

[3] BLF submits contemporaneously herewith Objections to the Declaration of Frank Hedin.

visitor on a mobile device would have to scroll for the text to become visible. (ECF No. 16 at 8.) This is plainly false. As demonstrated in the Declaration of Starr Drum, when she accessed BLF's website on her iPhone on January 10, 2025, she could see the reference to the TOS without having to scroll. (Drum Decl. ¶¶ 2-3.) The circumstances of Mr. Hedin's access remain unclear. But his experience is also wholly irrelevant, as he is not the putative class representative that is claiming to have no notice of the arbitration provision.

Plaintiff has the burden to provide evidence that she did not see the statement below BLF's "Checkout" button. She has failed to meet this burden. The recent opinion in *Ghazizadeh v. Coursera* is particularly instructive. In *Ghazizadeh*, the plaintiff argued that Defendant Coursera, Inc. ("Coursera") had not demonstrated that plaintiff received an email from Coursera notifying him of the updated terms of use. (*Ghazizadeh,* 2024 WL 3455255 at *13.) However, plaintiff did not affirmatively state that he did not receive the email update, he merely suggested that given the high number of emails received daily, it is more likely than not that he did not receive or review the email. (*Id.*) The Northern District noted that Coursera had supplied evidence that it sent the notice email to plaintiff and that plaintiff submitted no counter evidence. (*Id.*) The court therefore found that Coursera met its burden to show that plaintiff received notice of the updated terms. (*Id.*)

Similarly, BLF has submitted evidence demonstrating users see the reference to the TOS when checking out on a mobile device (*See* Drum Decl. ¶¶ 2-3). Plaintiff has not presented any evidence demonstrating she could not see the reference to the TOS when she purchased courses.[4] Her attorney's intentionally opaque declaration is no substitute for her evidence on her claims. Curiously, despite claiming that Exhibit 3 to his declaration reflects what appeared after Mr. Hedin allegedly scrolled down on his screen, there is no content change at the *top* of the screenshots of the checkout page; they are identical. (*Compare* ECF 16-5, *with* ECF 16-4). His observation is

---

[4] This Court should also reject Plaintiff's attempt to ground her assent argument on the alleged present-day functionalities of BLF's website. When arguing that Plaintiff received different emails than those referenced in BLF's Motion, Plaintiff relies on the language of BLF's email as of January 10, 2023 (the date that Plaintiff purchased her courses). (ECF No. 16-1.) Yet, rather contradictorily, when arguing that Plaintiff had to scroll on her mobile device to see BLF's TOS Plaintiff seems to rely on what her attorney presently sees on whatever "mobile device" he is using to access the website. (ECF NO. 16-2.) Plaintiff cannot have it both ways.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

puzzling, at best, and inconsistent with the way scrolling typically operates. Further, on the screenshot provided by Plaintiff's counsel at Exhibit 2, there is a line behind the Checkout button indicating that more text is below the button:

(*See* ECF No. 16-4.).

As such, even if this Court were to conclude that representations from Mr. Hedin about his present-day experience outside of the class period on BLF's website is somehow determinative of Plaintiff's experience at her time of purchase, Mr. Hedin's declaration hurts his client as it clearly establishes there was more information below the Checkout button.

Taking as true Plaintiff's argument (without evidence) that she was required to scroll to the bottom of the website to view the link to the TOS, this still does not defeat the argument that Plaintiff assented to the TOS. Indeed, given the context of the transaction, Plaintiff should have been aware that her relationship with BLF would be governed by some terms of service. As explained in the Motion, the allegations in *Ghazizadeh* are substantially similar to those here. (*See* ECF No. 10 at 10-11.) Like the plaintiff in *Ghazizadeh*, Plaintiff purchased courses via pre-recorded videos. (*Compare* ECF No. 1 ¶ 9, *with Ghazizadeh*, 2024 WL 3455255 at *7.) In *Ghazizadeh*, the Northern District found that users of the Coursera platform "would . . . expect (or should expect) their access to the platform would be continual and governed by some terms of use." (*Ghazizadeh*, 2024 WL 3455255 at *7.) This Court should likewise hold that Plaintiff should have expected that access to BLF's platform would be continual and governed by terms of use, even if the terms of use were allegedly not readily apparent.

Additionally, the cases cited by Plaintiff are non-binding and distinguishable. (*See Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, *8 (N.D. Ill. June 1, 2017) (finding it

was reasonable to conclude that plaintiff was consenting to an authorization to receive an insurance quote and not to receiving telephone calls when the notice was at the very bottom of the website and proceeding the notice was a web form where plaintiff was required to enter his personal information); *Gaker v. Citizens Disability, LLC*, No. 20-CV-11031-AK, 2023 WL 1777460, *7 (D. Mass. Feb. 6, 2023) (noting the terms appeared in "blue font against a blue background" and "the website plainly does all that it can to divert the user's attention away from the terms: the page is replete with images of gold coins and dollar signs and is headlined with large text reading 'Where should we send YOUR $50,000 if you win?'"); *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 23-24 (2d Cir. 2002) (interpreting California law but noting that plaintiff was required to go through a multi-step process more than 20 years ago to get to the terms that included clicking a hyperlink with instructions to view the terms and then being taken to a screen with multiple links); *Sgouros v. Trans Union Corp*, 817 F.3d 1029, 1035 (7th Cir. 2016) (noting the credit score purchase site did not contain any clear statement that plaintiff's purchase was subject to any terms and conditions of sale); *IT Strategies Grp., Inc. v. Allday Consulting Grp., L.L.C.*, 975 F. Supp. 2d 1267, 1280 (S.D. Fla. 2013) (involving a free download button and holding "where consumers are urged to download free software at the immediate click of a button, a reference to the existence of license terms on a submerged screen is not sufficient to place consumers on inquiry or constructive notice of those terms."); *Daschbach v. Rocket Mortg., LLC*, No. 22-CV-346-JL, 2023 WL 2599955, at *7 (D.N.H. Mar. 22, 2023) (noting plaintiff had to click through five other pages before getting to the terms and then ten other pages before being presented with the terms in even smaller text); *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 367 (E.D.N.Y. 2009), *aff'd*, 380 F. App'x 22 (2d Cir. 2010) (noting that plaintiff was not put on notice of the terms because the phrase: "Entering this Site will constitute your acceptance of these Terms and Conditions," was only available within the Terms and Conditions themselves.).)

**B. Plaintiff Was on Sufficient Notice of the TOS as BLF's Notice was Clear and Conspicuous.**

Moreover, the general appearance of BLF's notice was sufficient to put Plaintiff on notice of the TOS. Plaintiff again cites to inapposite authority in support of her position that the

appearance of BLF's notice of the TOS falls short of clear and conspicuous notice. (*See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 858 (9th Cir. 2022) (stating the notice did not "explicitly notify a user of the legal significance of the action she must take to enter into a contractual agreement."); *Cullen v. Shutterfly Lifetouch, LLC*, No. 20-CV-06040-BLF, 2021 WL 2000247, at *7 (N.D. Cal. May 19, 2021) (noting the language in question appeared on an envelope, not a website); *Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKX), 2023 WL 2230431, at *4 (C.D. Cal. Feb. 2, 2023) ("The button [plaintiff] clicked read "Apply Now" for the financing and he did not manifest any assent to those terms . . . Moreover, applicants could apply for financing and be rejected, meaning that clicking the 'Apply Now' button does not clearly bind them to the 'Terms of Use.'"); *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 481 (2021) (noting the text was not apparent because the font was small and against a dark background); *Ramirez v. Trusper, Inc.*, No. 5:24-CV-02012- EJD, 2024 WL 4479862, at *6 (N.D. Cal. Oct. 11, 2024) (noting there was a multi-step process to access the agreement and that the hyperlinks did not take users directly to the agreement); *Berman v. Freedom Fin. Network, LLC*, No. 18-CV-01060-YGR, 2020 WL 5210912, at *3 (N.D. Cal. Sept. 1, 2020) (noting "the webpages do not conspicuously indicate to users that they are agreeing to the Terms and Conditions . . . The 'This is correct, Continue!' and 'Continue' buttons plainly refer to the entry of other information on the page, not assent to the Terms & Conditions.").[5]

Additionally, contrary to Plaintiff's assertions (ECF No. 16 at 19-20), BLF's notice is not less conspicuous than the notice in *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728 (N.D. Cal.

---

[5] Plaintiff also cites to cases from the Second Circuit, Northern District of Illinois, and an employment decision from the Southern District of Indiana. The Court should likewise disregard these cases because they are non-binding and factually distinguishable. (*See Nicosia v. Amazon.com, Inc.,* 834 F.3d 220, 237 (2d Cir. 2016) *(*noting details on defendant's website that differ drastically from BLF's website, such as between fifteen and twenty-five links on the Order Page, text displayed in at least four font sizes and six colors (blue, yellow, green, red, orange, and black), and multiple buttons and promotional advertisements); *Wilson v. Redbox Automated Retail, LLC*, 448 F. Supp. 3d 873, 885 (N.D. Ill. 2020) (noting there is "spatial decoupling" between the sign in button and the notice of terms); *Fisher v. Sutton Place/Pinnacle A.M.S.*, No. 1:07-CV-1537-DFH- WTL, 2008 WL 2095417, at *1 (S.D. Ind. May 16, 2008) (involving an employment application rather than online terms of service).)

2019). Importantly, in *Colgate* the phrase "Terms of Conditions" is not underlined (*see* ECF No. 16 at 19), whereas here the phrase "Terms of Service" is underlined (*see* ECF 16-5). As acknowledged by Plaintiff, in *Colgate*, the court held that JUUL's hyperlink did not put a user on reasonable notice because it was not "highlighted, **underlined**, in all caps, or in a separate box." (ECF No. 16 at 19-20 (citing *Colgate*, 402 F. Supp. 3d at 765 (emphasis added)).)

Plaintiff also argues that underscoring the hyperlinked text is insufficient to put a party on notice of the terms (ECF No. 16 at 17 (citing *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022))). But as explained in *Ramirez v. Trusper, Inc.,* No. 5:24-CV-02012-EJD, 2024 WL 4479862 (N.D. Cal. Oct. 11, 2024), courts have found that underlined text is sufficient "when viewed in the context of the overall design and content of the webpage." (*Ramirez*, No. 5:24-CV-02012-EJD, 2024 WL 4479862, at *5 (N.D. Cal. Oct. 11, 2024) (quoting *Pizarro v. QuinStreet, Inc.*, No. 22-CV-02803-MMC, 2022 WL 3357838, at *3 (N.D. Cal. Aug. 15, 2022).)

In *Pizarro*, the Northern District held that the following notice of defendant's Terms of Use was "reasonably conspicuous" even though the design of the website contained substantially more text than BLF's website:

*See Pizarro*, 2022 WL 3357838, at \*1, \*3.

Further, the reasons provided by Plaintiff for distinguishing the notices in *Dohrmann v. Intuit, Inc.*, 823 F. App'x 482 (9th Cir. 2020) and *Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 394 (9th Cir. 2020) are unavailing. Plaintiff claims *Lee* is distinguishable because the relevant language in that case "was displayed in blue font and contained a hyperlink to Ticketmaster's Terms." (ECF No. 16 at 20 n. 2.) As noted in *Pizarro*, "a hyperlink is a word, phrase, or image . . . **typically underlined or in blue font**." (*Pizarro*, 2022 WL 3357838 at \*3 (emphasis added) (quoting *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 453 n.2, (2021).) BLF's reference to the TOS was underlined and hyperlinked, and thus sufficient. Plaintiff argues that *Doherman* is distinguishable because the text was "italicized [and] offset from other language on the site." (ECF No. 16 at 20 n. 2.) Contrary to Plaintiff's argument, the presentation of the text in *Doherman* further supports BLF's argument that the notice here was clear and conspicuous. In *Doherman* the Ninth Circuit held that the following text put a reasonably prudent internet user on notice of TurboTax's Terms of Use even though there were multiple, "confusingly similar hyperlinks" that took users to different agreements, only one of which contained the relevant arbitration agreement:



(*See Dohrmann*, 823 F. App'x at 484; *Arena v. Intuit Inc.*, 444 F. Supp. 3d 1086, 1088-89, 1092 (N.D. Cal. Mar. 12, 2020) (containing the above screenshot of the sign in page and explaining that "'Turbo Terms of Use' and 'Turbo Tax Terms of Use' are two separate hyperlinks to two different agreements. Only the latter contained the arbitration agreement Intuit is seeking to enforce by way of the instant motion.").)  In contrast, BLF's website is simpler and clearly directs users to the TOS.

Based on the foregoing, BLF has demonstrated that it provided Plaintiff with clear and conspicuous notice of the TOS.  By clicking the Checkout button, Plaintiff manifested her assent to the TOS, including the arbitration provision.

## III.   CONCLUSION

For all these reasons and those in BLF's Motion, BLF respectfully requests that the Court grant the Motion in its entirety, dismiss all class claims, order Plaintiff to submit her individual claims to binding arbitration, strike Plaintiff's demand for a jury trial, and stay or dismiss this action pending completion of the arbitration of Plaintiff's claims.

Dated:  January 17, 2025                                           **POLSINELLI LLP**

                                                                                  */s/ Starr Drum*
                                                                    By   Noel Cohen
                                                                           Starr Drum
                                                                           Shundra Manning (*pro hac vice* forthcoming)

                                                                           *Attorneys for Defendant KD Creatives, Inc. d/b/a Big Little Feelings*